# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER COLWELL,<br>  Plaintiff, | Case No. 1:12-cv-661 |
| | Barrett, J. |
| vs | Bowman, M.J. |
| HOLIDAY INN, INC.,<br>et al.,<br>  Defendants. | **REPORT AND<br>RECOMMENDATION** |

  Plaintiff, a prisoner currently incarcerated at Chillicothe Correctional Institution in Chillicothe, Ohio, has filed a *pro se* complaint. (*See* Doc. 1, Complaint). By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of plaintiff's complaint to determine whether the pleading, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

  Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at

1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff brings this action against Holiday Inn, Inc., a corporation located in Atlanta, Georgia; a Holiday Inn Express hotel located in Cincinnati, Ohio; and several "John/Jane Doe" defendants, whom plaintiff has identified as the owner, general manager, manager, housekeeper and other "unknown defendants" employed at the Holiday Inn Express in Cincinnati, Ohio. (*See* Doc. 1, Complaint, p. 2). Plaintiff states that the complaint "is based upon factual events that transpired on and/or between the days of July 5th, 2010 to July 8th, 2010," when he was renting a room at the defendant Holiday Inn Express in Cincinnati. (*Id.*, p. 5).

Plaintiff alleges that at some point during that time frame, hotel employees entered his room "under the guise of doing a health and wellness check," opened the refrigerator, "removed four opaque sealed/closed packages" found inside the refrigerator, and "contacted local law enforcement, supposedly fearing the packages contained contraband." (*Id.*). Plaintiff also alleges that hotel employees, acting "[u]nder police direction," opened the packages "in an attempt to determine their content," and that "[a]t some point, the authorities were present and advised the hotel employee(s) to return packages to their original state in the refrigerator in plaintiff[']s room." (*Id.*). Plaintiff alleges that on the morning of July 8, 2010, when he was exiting his hotel room, he was "ac[co]sted by local police." (*Id.*). He claims that the hotel's "housekeeping, manager, and general manager were all involved in the decision making process" and that "all of these employee(s) acted under the direction of local law enforcement, as representatives of the Holiday Inn Express Hotel, and the Holiday Inn, and Holiday Inn Express

3

Corporations." (*Id.*). As relief, plaintiff asks the Court "to tho[rou]ghly review the facts of his case and to grant plaintiff a jury trial." (*Id.*, p. 6). He also requests $5,000,000 in compensatory, punitive and "emotional distress" damages. (*Id.*).

Plaintiff does not state in the complaint whether he was arrested, subjected to a criminal prosecution, or convicted and sentenced as a result of any contraband discovered in his hotel room refrigerator in July 2010. However, this Court has authority to "take judicial notice of proceedings in other courts of record" on screening of plaintiff's complaint. *See Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank,* 417 F.2d 75, 82-83 (6th Cir. 1969)); *Saint Torrance v. Firstar,* 529 F. Supp.2d 836, 838 n.1 (S.D. Ohio 2007); *see also Lynch v. Leis,* 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall,* 188 F.3d 327, 332 n.3 (6th Cir. 1999)) (involving judicial notice of on-line court records).

Upon review of the on-line court records maintained by the Hamilton County, Ohio, Clerk of Courts, it appears that a criminal prosecution was initiated in the Hamilton County Court of Common Pleas, based on an indictment returned in July 2010 in Case No. B1004517 charging plaintiff with four drug offenses: heroin possession and trafficking and cocaine possession and trafficking. In that case, plaintiff's initial counsel filed a motion to suppress on plaintiff's behalf on August 20, 2010, arguing that plaintiff had been illegally arrested and detained by police without probable cause; that police officers entered the room he was renting at the Holiday Inn Express without probable cause; and that personnel at the Holiday Inn Express "ignored the 'Do Not Disturb' sign and entered his room without authority," as well as "exceeded any authority they might have had" when they began checking drawers, closets and

4

refrigerator in the room and then "proceeded under the auspices and direction of the police to gain access to the sealed item" found in the refrigerator. On December 2, 2010, plaintiff, who was assisted by new counsel, withdrew his suppression motion and entered a guilty plea to the heroin trafficking charge in exchange for the dismissal of all other charges (including the specification attached to the heroin trafficking count) and an agreed-to prison sentence of five (5) years. On December 14, 2010, the trial court issued a judgment entry sentencing plaintiff in accordance with the terms of the plea agreement to a five-year prison term.

Plaintiff unsuccessfully appealed his conviction and sentence to the Ohio Court of Appeals, which *sua sponte* dismissed his appeal because he failed to comply with a court order. Thereafter, on July 13, 2011, plaintiff filed motions for post-conviction relief with the trial court, arguing that his guilty plea was invalid as a result of his trial counsel's ineffectiveness in failing "to conduct proper pre-trial investigation," failing "to pursue a suppression issue based upon attempts to evade the requirements of the Fourth Amendment via use of private citizens as agents of the police," and misleading plaintiff into believing that "no potential suppression issues could be raised." On July 28, 2011, the trial court denied plaintiff's post-conviction application for lack of evidentiary support. The trial court's ruling was affirmed by the Ohio Court of Appeals, and when plaintiff attempted a further appeal to the state's highest court, the Ohio Supreme Court declined jurisdiction to hear the case and dismissed plaintiff's appeal.

In this case, plaintiff's allegations are insufficient to state a claim with an arguable basis in law over which this Court has subject matter jurisdiction. Moreover, in light of the history preceding the filing of the instant action, plaintiff's complaint fails to state a claim upon which relief may be granted by this Court.

First, to the extent plaintiff seeks to invoke the diversity jurisdiction of the Court under 28 U.S.C. § 1332(a), the complaint reveals such jurisdiction is lacking. In order for diversity jurisdiction pursuant to § 1332(a) to lie, the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967)); *see also Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967); *Winningham v. North American Res. Corp.*, 809 F. Supp. 546, 551 (S.D. Ohio 1992). In this case, complete diversity is lacking because plaintiff and most of the defendants are domiciled in Ohio. Therefore, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship.

Second, although district courts also have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, plaintiff's allegations are insufficient to state an actionable federal claim.

Here, it appears from the face of the complaint that plaintiff is seeking relief under 42 U.S.C. § 1983 based on the named defendants' participation in the allegedly illegal search and seizure that occurred in his hotel room and resulted in his arrest, which he claims violated his Fourth Amendment rights. However, to the extent plaintiff seeks injunctive relief in the form of an order reversing his guilty-plea conviction so that he may proceed to trial before a jury on the state criminal charges, his sole federal remedy is a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 after he has exhausted his state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Hadley v. Werner*, 753 F.2d 514, 516 (6th Cir. 1985). Plaintiff may not circumvent the rules and standards governing the filing and review of federal

habeas petitions by seeking the same relief by way of a federal civil rights action.

To the extent that plaintiff seeks damages under § 1983 as relief, the Court will assume that despite plaintiff's conviction and sentence upon entry of his guilty plea to the heroin trafficking charge, his claims stemming from the purported illegal search of his hotel room and seizure of contraband from the hotel room refrigerator are *not* barred from review by *Heck v. Humphrey,* 512 U.S. 477 (1994).[1] Nevertheless, it appears that plaintiff's complaint is still subject to dismissal on screening for failure to state a claim upon which relief may be granted.

Plaintiff brings this action against Holiday Inn and Holiday Inn Express, which are private business enterprises, as well as the "John/Jane Doe" owner and employees of the Holiday Inn Express. In order to allege a cognizable civil rights claim under 42 U.S.C. § 1983, plaintiff must allege both (1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See Hines v. Langhenry*, 462 F. A'ppx 500, 503 (6th Cir. 2011) (citing *Boykin v. Van Buren Twp.,* 479 F.3d 444, 451 (6th Cir. 2007); *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)). At first

---

[1] In *Heck*, the Supreme Court held that when a successful § 1983 civil rights action for damages would necessarily imply the invalidity of a plaintiff's outstanding conviction or sentence, the complaint must be dismissed. *Heck*, 512 U.S. at 486-87; *see also Edwards v. Balisok*, 520 U.S. 641, 643 (1997). In so ruling, however, the Court expressly recognized an exception for certain Fourth Amendment claims. *Heck*, 512 U.S. at 487 n.7. The Court reasoned that in some § 1983 actions for "damages attributable to an allegedly unreasonable search," the complaint, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful" given doctrines applicable to Fourth Amendment violations like "independent source and inevitable discovery . . . and especially harmless error." *Id.* (emphasis in original). On the other hand, in a later case, the Supreme Court noted that in some cases, "a Fourth Amendment claim can necessarily imply the invalidity of a conviction, and that if it does it must, under *Heck*, be dismissed." *Wallace v. Kato*, 549 U.S. 384, 395 n.5 (2007). The Sixth Circuit has held that the district court must conduct a "case-by-case" assessment in determining "whether a favorable Fourth Amendment judgment would impugn the validity of an outstanding conviction." *Harper v. Jackson*, 293 F. App'x 389, 391-92 (6th Cir. 2008) (and cases cited therein). Here, although plaintiff previously unsuccessfully sought to overturn his conviction in the state court on the ground that his trial counsel was ineffective in failing to pursue a suppression motion stemming from the allegedly illegal search and seizure that was conducted by hotel staff, an argument can be made that plaintiff's Fourth Amendment claims, if successful, would not necessarily impugn the validity of his guilty plea and resulting conviction and sentence. Therefore, the undersigned will assume at this early screening stage of the proceedings that *Heck* does not apply to bar review of the complaint.

blush, it appears that plaintiff has not stated a viable § 1983 claim because the named defendants are private business enterprises and individuals, not state actors. However, "to act 'under color of' state law for § 1983 purposes does not require that the defendant be an officer of the State. It is enough that he is a willful participant in joint action with the State or its agents." *Dennis v. Sparks,* 449 U.S. 24, 28 n.4 (1980) (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152 (1970); *United States v. Price*, 383 U.S. 787, 794 (1966)). Courts have uniformly held that "a private party does not conspire or jointly act with a state actor simply by complaining to the police," and that even "providing false information to an arresting officer is not, by itself, sufficient to state a claim against that private party under § 1983." *See D'Agostino v. New York State Liquor Auth.*, 913 F. Supp. 757, 770 (W.D.N.Y.) (and cases cited therein), *aff'd*, __ F. App'x __, No. 96-7229, 104 F.3d 351 (table) (2nd Cir. 1996); *see also Clarke v. Cnty. of Broome,* No. 1:10-CV-399 MAD/ATB, 2012 WL 1005086, at *12 (N.D.N.Y. Mar. 23, 2012) (and cases cited therein) ("The provision of information to, or the summoning of, police officers is not sufficient to constitute joint action with state actors for purposes of § 1983, even if the information provided is false or results in the officers taking affirmative action.") (internal citation and quotation omitted). *Cf. Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009) (citing *Briscoe v. LaHue,* 460 U.S. 325, 329 (1983); *Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983)) (in holding that the plaintiff could not maintain an action under § 1983 against a private citizen for "fabricating evidence or withholding exculpatory evidence" in the absence of evidence that the "private conduct [was] fairly attributable to the state," the Sixth Circuit stated: " Providing information to the police, responding to questions about a crime, and offering witness testimony at a criminal trial does not expose a private individual to liability for

actions taken 'under color of law.'"), *cert. denied*, 130 S.Ct. 3504 (2010).

Here, the question is close whether state action has been sufficiently alleged in the complaint. Upon review of the complaint in the context of plaintiff's state criminal prosecution, an argument can be made that plaintiff is claiming that the Holiday Inn Express employees did not merely conduct the search and seizure on their own or pursuant to instructions by the hotel's management, but rather at the direction and under the supervision of local law enforcement officials. Therefore, the undersigned is reluctant to find at this early stage of the proceedings that plaintiff has failed to sufficiently allege state action in this case.

However, defendants Holiday Inn, Inc., Holiday Inn Express and the owner of the Holiday Inn Express in Cincinnati should be dismissed as named defendants in this action in the absence of any allegations that they had knowledge of or otherwise participated in the search and seizure conducted at the hotel. Those in supervisory positions cannot be held vicariously liable under § 1983 based on the theory of *respondeat superior* for the actions of their employees. *Cf. Iqbal,* 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Services*, 436 U.S. 658, 690-92 (1978); *Gregory v. Shelby Cnty., Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000); *see also Davis v. Bexley Police Dep't*, No. 2:08cv750, 2009 WL 414269, at *2 (S.D. Ohio Feb. 17, 2009). "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees." *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). A superior may not be held liable under § 1983 for the misconduct of its employees unless the plaintiff demonstrates that "the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy*, 729 F.2d at 421; *see also Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002). "At a minimum a plaintiff must show that the [supervisor] at least implicitly

authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending [employee or agent]." *Combs,* 315 F.3d at 558 (quoting *Hays v. Jefferson Cnty., Ky.,* 668 F.2d 869, 874 (6th Cir. 1982)); *see also McQueen v. Beecher Cmty. Schools*, 433 F.3d 460, 470 (6th Cir. 2006); *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Section 1983 liability is premised on active unconstitutional behavior and not a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee*, 199 F.3d at 300. Here, plaintiff merely claims that certain hotel personnel (*i.e.*, housekeeper, manager and general manager), who were allegedly directly "involved in the decision making process" regarding the search and seizure, acted "as representatives of the Holiday Inn Express Hotel, and the Holiday Inn, and Holiday Inn Express Corporations." That allegation, standing alone, is simply inadequate to state an actionable claim under § 1983 against the defendant corporation, the Holiday Inn Express or the owner of the Holiday Inn Express in Cincinnati.

Finally, and most importantly, plaintiff's § 1983 complaint is governed by Ohio's two-year statute of limitations applicable to personal injury claims. *See, e.g., Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (holding that the "appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual"); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007) (and Supreme Court cases cited therein) (holding that the statute of limitations governing § 1983 actions "is that which the State provides for personal-injury torts"); *Zundel v. Holder,* 687 F.3d 271, 281 (6th Cir. 2012) (stating that the "settled practice . . . to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so" is applicable "to § 1983 actions and to *Bivens* actions because

neither the Federal Constitution nor the § 1983 statute provides timeliness rules governing implied damages"). Although the statute-of-limitations is an affirmative defense, when it appears clear on initial screening of the complaint that the action is time-barred, the complaint may be dismissed at the screening stage for failure to state a claim upon which relief may be granted. *See Jones v. Bock,* 549 U.S. 199, 215 (2007). *Cf. Fraley v. Ohio Gallia Cnty.*, No. 97-3564, 1998 WL 789385, at *1-2 (6th Cir. Oct. 30, 1998) (holding that the district court "properly dismissed" the *pro se* plaintiff's § 1983 civil rights claims under 28 U.S.C. § 1915(e)(2)(B) because the complaint was filed years after Ohio's two-year statute of limitations had expired); *Anson v. Corr. Corp. Of America,* No. 4:12cv357, 2012 WL 2862882, at *2-3 (N.D. Ohio July 11, 2012) (in *sua sponte* dismissing complaint under 28 U.S.C. § 1915(e), the court reasoned in part that the plaintiff's *Bivens* claims asserted "six years after the events upon which they are based occurred" were time-barred under Ohio's two-year statute of limitations for bodily injury).

"[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace,* 547 U.S. at 388 (emphasis in original). Under federal law, a cause of action accrues for statute of limitations purposes "when plaintiff[] knew or should have known of the injury which forms the basis of [his] claims." *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). The "inquiry focuses on the harm incurred, rather than the plaintiff's knowledge of the underlying facts which gave rise to the harm." *Id.* at 501 (quoting *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991)). The statute of limitations commences to run when the plaintiff knows or, in the exercise of due diligence, has reason to know of the injury which is the basis for his cause of action. *Sevier v. Turner,* 742 F.2d 262, 273 (6th Cir. 1984); *see also Ruff*, 258 F.3d at 501.

Courts have held that causes of action based on an alleged illegal search and seizure accrue on the date that the search and seizure occurred. *See Harper v. Jackson*, 293 F. App'x 389, 392 n.1 (6th Cir. 2008); *see also Geary v. Brantley,* No. 4:12CV-P33-M, 2012 WL 3598286, at *4 (W.D. Ky. Aug. 17, 2012); *Williams v. Monroe Cnty., Kentucky,* No. 1:10CV-P123-M, 2010 WL 4006370, at *1-2 (W.D. Ky. Oct. 8, 2010). *Cf. Thomas v. McElroy*, 463 F. App'x 591, 592 (7th Cir. 2012) ("A claim asserting that a search violated the Fourth Amendment accrues–and the limitations period begins to run–as soon as the plaintiff knows, or should know, about the search and the facts making it unlawful."); *Villegas v. Galloway,* 458 F. App'x 334, 338 (5th Cir. 2012) (holding that plaintiff's claims arising out an allegedly unlawful search and seizure accrued in April 2003, when the search warrant was executed), *petition for cert. filed* (U.S. June 11, 2012) (No. 12-5417).

Here, plaintiff's claims arise out of an alleged illegal search and seizure that took place at the Holiday Inn Express hotel in Cincinnati on July 5-8, 2010. Plaintiff was made aware of the search and seizure that had been conducted when he was confronted by the police at the hotel on July 8, 2010. Indeed, it is clear that plaintiff was well aware of the facts underlying his Fourth Amendment claims by August 20, 2010, when his initial counsel in the ensuing state criminal trial proceeding filed a suppression motion challenging plaintiff's arrest and the search and seizure that had taken place at the hotel. Therefore, plaintiff's complaint, filed over two years later on August 24, 2012, is clearly time-barred.[2]

---

[2]Although plaintiff's *in forma pauperis* application was stamped as "filed" with this Court on August 30, 2012, the filing date of a pleading submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing to the Court. *See Houston v. Lack,* 487 U.S. 266 (1988). It appears from the present record that plaintiff executed his *in forma pauperis* application and complaint on August 24, 2012. Therefore, the undersigned assumes in plaintiff's favor that August 24, 2012 is the date that he submitted his complaint for mailing to the Court and that the case was "filed" for statute of limitations purposes.

Accordingly, in sum, the undersigned concludes that plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A) for failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3).[3]

## IT IS THEREFORE RECOMMENDED THAT:

1. The plaintiff's complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

 *s/Stephanie K. Bowman*
 Stephanie K. Bowman
 United States Magistrate Judge

---

[3] Where there is no basis for federal jurisdiction apparent on the face of the complaint, a court may dismiss the action as frivolous and for lack of subject matter jurisdiction under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3). *See Carlock v. Williams*, No. 98-5545, 1999 WL 454880, at *2 (6th Cir. June 22, 1999). However, the dismissal is no bar to refiling the suit in state court.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER COLWELL,<br>    Plaintiff, | Case No. 1:12-cv-661 |
| | Barrett, J. |
| vs | Bowman, M.J. |
| HOLIDAY INN, INC., et al.,<br>    Defendants. | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

cbc