UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Christopher Colwell,

    Plaintiff,

    v.                                      Case No. 1:12cv661

Holiday Inn Inc., *et al.*,                  Judge Michael R. Barrett

    Defendants.

## **OPINION & ORDER**

This matter is before the Court on the September 17, 2012 Magistrate Judge's Report and Recommendation ("R&R") recommending that Plaintiff's Complaint be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). (Doc. 4). Notice was given to the parties under 28 U.S.C. §636(b)(1)(C). Plaintiff filed objections to the R&R. (Doc. 6). Plaintiff also filed an Amended Complaint on January 14, 2013.

**I.**     **BACKGROUND**

Plaintiff filed both the original Complaint and the Amended Complaint *pro se*. In the original Complaint, Plaintiff alleges that between July 5, 2010 and July 8, 2010, he rented a hotel room at a Holiday Inn Express in the Cincinnati area. (Doc. 1-1, PAGEID # 20). Plaintiff claims that during his stay, hotel employees entered his hotel room under the guise of doing a health and wellness check. (Id.) A hotel employee opened the refrigerator and noticed four opaque, sealed packages which the hotel employees suspected contained contraband. (Id.) Hotel employees contacted local law

enforcement who directed the employees to open the packages to determine their content and return them to the refrigerator. (Id.) On the morning of July 8, 2010, Plaintiff returned to his hotel room, but was accosted by the police. (Id.) While the Amended Complaint provides a more detailed factual basis for Plaintiff's claims, the allegations in the Amended Complaint do not substantially differ from that of the original Complaint. (See Doc. 7).

Because Plaintiff was granted leave to proceed in *forma pauperis*, the Magistrate Judge reviewed the original complaint *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B). By reviewing public court records maintained by the Hamilton County, Ohio, Clerk of Courts, the Magistrate Judge was able to determine that in July 2010, Plaintiff was indicted for heroin possession and trafficking and cocaine possession and trafficking. On August 20, 2010, Plaintiff's counsel filed a motion to suppress which argued that Plaintiff had been illegally arrested and detained by police without probable cause and the Holiday Inn employees entered into his room without authority and at the direction of the police. However, on December 2, 2010, Plaintiff, now represented by new counsel, withdrew the motion to suppress and entered a plea of guilty to the heroin charge in exchange for the dismissal of all other charges.

The Magistrate Judge explained that this Court does not have subject matter jurisdiction over Plaintiff's state law claims because Plaintiff and most of the defendants are domiciled in Ohio. To the extent that Plaintiff is bringing a claim pursuant to 42 U.S.C. § 1983, the Magistrate Judge found that Plaintiff's claim is barred by the two-year statute of limitations.

In his Objections, Plaintiff argues that because he is bringing a claim under section

1983, this Court has supplemental jurisdiction over his state law claims. Plaintiff also argues that his section 1983 claim is not time-barred because the applicable statute of limitations is four years.

## II.    ANALYSIS

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

Plaintiff's Amended Complaint was properly filed pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). Therefore, the Amended Complaint superceded the original Complaint. *See B & H Medical, L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 268 n.8 (6th Cir. 2008) ("a prior 'complaint is a nullity, because an amended complaint supercedes all prior complaints' ") (quoting *Drake v. City of Detroit*, 2008 WL 482283 at *2 (6th Cir. Feb. 21, 2008)). Given this procedural posture, the Magistrate Judge's R&R was rendered moot by the filing of the Amended Complaint. However, given the similarity between the original Complaint and the Amended Complaint, the Court will use the R&R and Plaintiff's Objections to the R&R as a guide in its own analysis under 28 U.S.C. §§ 1915(e)(2)(B)and 1915A(b).

As the Magistrate Judge explained more fully, Congress has authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted.

The Sixth Circuit has held that in Ohio, the two-year statute of limitations provided for in Ohio Revised Code § 2305.10 is used. *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1105 (6th Cir. 1995) (quoting *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir.1989) (en banc) ("the appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio . . . requires that actions . . . be filed within two years after their accrual.")). Therefore, this Court rejects Plaintiff's argument that the four-year statute of limitation found in Ohio Revised Code § 2305.09 applies.

Plaintiff does not dispute that his Section 1983 claim accrued on the date of the alleged illegal search and seizure. According to the Amended Complaint, the search which violated the Fourth Amendment occurred between July 5, 2010 and July 8, 2010. (Doc. 7, PAGEID #71). As the Magistrate Judge explained, "[u]nder federal law, the limitations period begins to run when a plaintiff knew or should have known of the injury that forms the basis of the claim." *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001)). A Fourth Amendment claim based on search and seizure accrues on the date of the alleged illegal search and seizure. *Hornback v. Lexington-Fayette Urban Cnty. Gov't*, 905 F. Supp. 2d 747, 750 (E.D. Ky. 2012) *aff'd*, 543 F. App'x 499 (6th Cir. 2013). According to the Amended Complaint, Plaintiff learned of the search when the hotel desk clerk explained that they entered his room for a health and wellness check. (Doc. 7, PAGEID #72). Therefore, Plaintiff's claim accrued on July 8th, 2010.[1] As the Magistrate Judge explained, Plaintiff did not file his Complaint until August 24, 2012. Because the statute of limitations defect

---

[1] As the Magistrate Judge noted, at the very latest, Plaintiff knew the search and seizure was illegal on August 20, 2010, when his attorney filed a motion to suppress based on Plaintiff's arrest and search and seizure.

4

is obvious from the face of the complaint, *sua sponte* dismissal of Plaintiff's section 1983 claim is appropriate. *See Alston v. Tennessee Dep't of Corr.*, 28 F. App'x 475, 476 (6th Cir. 2002) (citing *Pino v. Ryan*, 49 F.3d 51, 53–54 (2d Cir.1995)).

Plaintiff argues that this Court has supplemental jurisdiction over his state law claims. However, "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims . . ." *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1255 (6th Cir.1996). After a dismissal under 12(b)(6), there is a "strong presumption in favor of dismissing supplemental claims." *Id*. Therefore, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

### III.     CONCLUSION

Based on the foregoing, the Court **DECLINES to ADOPT** the Magistrate Judge's September 17, 2012 R&R (Doc. 4) because the filing of the Amended Complaint rendered the R&R moot. However, upon conducting its own review, the Court finds that Plaintiff's Amended Complaint should be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)and 1915A(b). Accordingly, it is hereby **ORDERED** that:

1. Plaintiff's Amended Complaint be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)and 1915A(b);

    a. Plaintiff's claim pursuant to 42 U.S.C. § 1983 is DISMISSED with prejudice;

    b. Plaintiff's state law claims are DISMISSED without prejudice; and

2. This matter shall be **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

                                             */s/ Michael R. Barrett*
                                             Michael R. Barrett, Judge
                                             United States District Court